EMIL PETROSSIAN (SBN 264222)
epetrossian@glaserweil.com
RICHARD E. GOTTLIEB (SBN 289370)
rgottlieb@glaserweil.com
ALEXANDER R. MILLER (SBN 294474)
amiller@glaserweil.com
GLASER WEIL FINK HOWARD
JORDAN & SHAPIRO LLP
600 West Broadway, Suite 2850
San Diego, California 92101
Telephone: (619) 765-4380
Facsimile: (619) 483-0646

*Attorneys for Defendants*
SANTA BARBARA TAX PRODUCTS
GROUP, LLC and GREEN DOT BANK

Glaser Weil

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ZACHARY BOSTICK, individually and on behalf of himself and all others similarly situated,

Plaintiff,

v.

INTUIT, INC. d/b/a TURBOTAX, INTUIT TT OFFERINGS, INC., CK PROGRESS, INC. d/b/a CREDIT KARMA LLC, MVB BANK, INC., FIRST CENTURY BANK, N.A., SANTA BARBARA TAX PRODUCTS GROUP, LLC, and GREEN DOT BANK,

Defendants.

Case No. 3:26-cv-1444-H-VET

Hon. Marilyn L. Huff
Courtroom 12A

**DEFENDANTS SANTA BARBARA TAX PRODUCTS GROUP, LLC'S AND GREEN DOT BANK'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

*[Filed concurrently with Notice of Motion and Motion to Dismiss]*

Case Filed: March 6, 2026
Trial Date: None Set

Glaser Weil

# TABLE OF CONTENTS

Page

I. INTRODUCTION .......... 5

II. SUMMARY OF RELEVANT FACTUAL ALLEGATIONS .......... 6

A. Plaintiff expressly alleges that FCB originated the Loan. .......... 6

B. Plaintiff alleges that the Green Dot Defendants only deducted and disbursed refund proceeds. .......... 6

III. LEGAL STANDARD .......... 7

IV. ARGUMENT .......... 7

A. Plaintiff's MLA claims against the Green Dot Defendants fail as a matter of law because Plaintiff's own allegations confirm that neither SBTPG nor Green Dot is a creditor that extended him consumer credit. .......... 8

B. Plaintiff's account-access claim against the Green Dot Defendants fails also because Plaintiff alleges a temporary tax-refund account, not the use of a borrower-maintained account as security. .......... 10

C. Plaintiff's excessive-MAPR claim against the Green Dot Defendants fails also because Plaintiff does not allege that either of the Green Dot Defendants imposed any charges for credit. .......... 12

D. Plaintiff's waiver claim against the Green Dot Defendants fails also because he has not alleged, and cannot allege, that either of them has asserted or sought to enforce any waiver by or against Plaintiff. .......... 13

E. The Court should dismiss the claims against the Green Dot Defendants with prejudice and without leave to amend. .......... 14

V. CONCLUSION .......... 15

Glaser Weil

# TABLE OF AUTHORITIES

Page

## CASES

*Am. Title Ins. Co. v. Lacelaw Corp.*,
861 F.2d 224 (9th Cir. 1988) .................... 14

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).................... 7

*Bowen v. First Fam. Fin. Servs., Inc.*,
233 F.3d 1331 (11th Cir. 2000) .................... 13

*Carvalho v. Equifax Info. Servs., LLC*,
629 F.3d 876 (9th Cir. 2010) .................... 15

*Gibson v. City of Portland*,
165 F.4th 1265 (9th Cir. 2026) .................... 7

*In re Wash. Mut. Overdraft Prot. Litig.*,
201 F. App'x 409 (9th Cir. 2006) .................... 12

*Louis v. Bluegreen Vacations Unlimited, Inc.*,
2024 WL 2873778 (11th Cir. June 7, 2024).................... 13

*Ramirez v. Activehours, Inc.*,
2026 WL 828299 (N.D. Cal. Mar. 25, 2026).................... 9

*Ridha v. Mortgage Elec. Registration Sys., Inc.*,
2010 WL 4867416 (E.D. Mich. Nov. 23, 2010).................... 9

*Safe Air for Everyone v. Meyer*,
373 F.3d 1035 (9th Cir. 2004) .................... 5

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
551 U.S. 308 (2007).................... 5

*United States v. Ritchie*,
342 F.3d 903 (9th Cir. 2003) .................... 15

*Wojcik v. Courtesy Auto Sales, Inc.*,
2002 WL 31663298 (D. Neb. Nov. 25, 2002) .................... 9

*Wood v. Omni Fin. of Nev., Inc.*,
2023 WL 3766524 (E.D. Va. May 31, 2023) .................... 11

## STATUTES

10 U.S.C. § 987(e)(1) .................... 8

10 U.S.C. § 987(e)(5) .................... 11

10 U.S.C. §§ 987(a)–(b), (e) .......... 6, 8
12 C.F.R. § 1026.4(a) .......... 12
32 C.F.R. § 232.8(e)(1)–(3) .......... 11
32 C.F.R. §§ 232.3(h), (i)(1)–(2) .......... 8

**FEDERAL RULES**

Fed. R. Civ. P. 12(b)(1) .......... 5

Glaser Weil

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants Santa Barbara Tax Products Group, LLC ("SBTPG") and Green Dot Bank ("Green Dot") (collectively, the "Green Dot Defendants") join in the motions to dismiss filed by defendants Intuit Inc., Intuit TT Offerings, Inc., and CK Progress, Inc. (collectively, the "Intuit Defendants"), and First Century Bank, N.A. ("FCB"). The Green Dot Defendants also respectfully submit this separate motion to address additional reasons why plaintiff Zachary Bostick's ("Plaintiff") complaint fails as to the Green Dot Defendants.

In his complaint, Plaintiff named nearly every entity allegedly involved in the Refund Advance transaction at issue (the "Loan"). However, the Military Lending Act, 10 U.S.C. §§ 987 *et seq*. (the "MLA") applies only to "creditor[s]" that extend "consumer credit" to covered borrowers. Plaintiff alleges that FCB—and no other defendant—is the creditor that originated the Loan. (Compl. ¶¶ 37, 90.) This is confirmed by the loan agreement itself (the "Loan Agreement") and the Green Dot Defendants' processing agreements. (*See* Declaration of Justin Brock ("Brock Decl."), Exs. B, E–F.)[1] Plaintiff does not allege that the Green Dot Defendants extended any credit to him at any other time. Rather, he alleges an extremely limited role for the Green Dot Defendants in distributing tax-refund proceeds.

The Green Dot Defendants' limited role in the transaction at issue is fatal to Plaintiff's claims against them. The MLA applies only to a "creditor" that extends

---

[1] The exhibits attached to the declaration of Justin Brock, filed in support of the Intuit Defendants' concurrently filed motion to dismiss, which the Green Dot Defendants join, may be considered on a Rule 12(b)(6) motion to dismiss because they are expressly incorporated by reference in the complaint (*see, e.g.*, Compl. ¶¶ 72, 90–104, 158). *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Such evidence also may be considered on a Rule 12(b)(1) motion to dismiss. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) ("In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment.").

"consumer credit" to a covered borrower. 10 U.S.C. §§ 987(a)–(b), (e). By Plaintiff's own admission, the Green Dot Defendants are not creditors who extended consumer credit to him. Thus, Plaintiff's MLA claims against the Green Dot Defendants fail as a matter of law. Further, because any allegation that the Green Dot Defendants extended consumer credit to Plaintiff would contradict the express terms of the Loan Agreement and Plaintiff's own allegations, the Court should dismiss Plaintiff's claims against the Green Dot Defendants with prejudice and without leave to amend.

## II. <u>SUMMARY OF RELEVANT FACTUAL ALLEGATIONS</u>

The Green Dot Defendants join in and incorporate by reference the Background section set forth in the motions to dismiss concurrently filed by the Intuit Defendants and FCB. This section summarizes additional allegations concerning the Green Dot Defendants that are relevant to this separate motion.

### A. <u>Plaintiff expressly alleges that FCB originated the Loan.</u>

Plaintiff alleges that, in connection with filing his 2024 tax return, he applied for and obtained a Refund Advance Loan that was "originated by" FCB. (Compl. ¶¶ 88–90.) He likewise identifies FCB—not Green Dot Bank or SBTPG—as "the originating lender that underwrites and disburses Refund Advance Loans." (*Id.* ¶ 37.) FCB's role as the lender is confirmed by the operative Loan Agreement. (*See* Brock Decl., Ex. B.) Plaintiff does not allege that Green Dot Bank or SBTPG loaned him any money, approved his Loan application, set the Loan terms, or held any rights or owed any obligations under the Loan Agreement.

### B. <u>Plaintiff alleges that the Green Dot Defendants only deducted and disbursed refund proceeds.</u>

Plaintiff's allegations against the Green Dot Defendants principally concern tax-refund processing. (*Id.* ¶¶ 38, 95–99.) Plaintiff alleges that his Loan was "structured to be repaid automatically through interception of Plaintiff's federal tax refund." (*Id.* ¶ 95.) According to Plaintiff, he authorized Green Dot to establish a temporary deposit account "for the sole purpose of receiving his federal tax refund." (*Id.* ¶ 96.) Plaintiff

further alleges that he authorized SBTPG to deduct from that temporary account the amount of the Loan, TurboTax-related fees, and other charges before any remaining refund proceeds were disbursed to him. (*Id.* ¶¶ 97–98.) Plaintiff also pleads that the refund-processing agreement provides for two contingent fees that may be charged if issues arise with the refund: a $30 “Return Item Fee” and a $30 “Account Research and Processing Fee.” (*Id.* ¶ 99.) Notably, Plaintiff does not allege that he paid either fee.

## III. LEGAL STANDARD

The Green Dot Defendants join in and incorporate by reference the legal standard set forth in the motions to dismiss concurrently filed by the Intuit Defendants and FCB. As relevant here, to survive dismissal, Plaintiff must plead facts showing that each defendant individually is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that a complaint must plead factual content allowing the court to draw a reasonable inference that “the defendant is liable for the misconduct alleged”). Conclusory allegations and undifferentiated allegations against “Defendants” are insufficient where, as here, the complaint’s specific allegations identify different defendants that performed different roles. *See Gibson v. City of Portland*, 165 F.4th 1265, 1288 (9th Cir. 2026) (explaining that a complaint asserting multiple claims against multiple defendants without specifying which defendants are responsible for which acts or omissions is impermissible “shotgun” pleading).

## IV. ARGUMENT

Green Dot Bank and SBTPG join in and incorporate by reference the arguments for dismissal set forth in the Intuit Defendants’ and FCB’s motions to dismiss. This motion provides additional argument supporting dismissal of Plaintiff’s claims against the Green Dot Defendants.

/ / /

/ / /

/ / /

/ / /

**A. <u>Plaintiff's MLA claims against the Green Dot Defendants fail as a matter of law because Plaintiff's own allegations confirm that neither SBTPG nor Green Dot is a creditor that extended him consumer credit.</u>**

The MLA does not impose liability on the Green Dot Defendants based on an unrelated third-party bank's (FCB's) extension of a loan secured by Plaintiff's tax refund. Rather, it applies only to the "creditor" that extended the "consumer credit" in dispute. 10 U.S.C. §§ 987(a)–(b), (e). The MLA's implementing regulations confirm this limitation, providing that a "creditor" is a person "[e]ngaged in the business of extending consumer credit," or that person's assignee "with respect to any consumer credit extended," and "credit" means "the right granted to a consumer by a creditor to defer payment of debt or to incur debt and defer its payment." 32 C.F.R. §§ 232.3(h), (i)(1)–(2).

The MLA's structure demonstrates that a defendant's status as a creditor must be assessed with respect to the particular extension of credit at issue. For example, Section 987(e)(1) prohibits certain rollovers, renewals, refinancings, and consolidations of credit "by the same creditor." 10 U.S.C. § 987(e)(1). That phrasing would make little sense if MLA liability turned only on whether an entity is a creditor in some general sense, unrelated to the transaction at issue. Thus, Plaintiff must plead facts showing that SBTPG and Green Dot granted him the right to incur debt and defer payment, or became an assignee of the entity that did so.

Plaintiff does not, and cannot, allege any such facts in his complaint. Rather, he expressly identifies only FCB—not SBTPG or Green Dot—as the entity that "originated" and extended the Loan. (Compl. ¶ 90.) He separately identifies FCB as "the originating lender that underwrites and disburses Refund Advance Loans." (*Id.* ¶ 37.) Plaintiff also alleges that Loan proceeds were disbursed into an account that neither

of the Green Dot Defendants creates or manages. (*Id.* ¶¶ 58–59, 91–94.) None of these allegations has any relevance to either of the Green Dot Defendants.[2]

Instead, Plaintiff's allegations against SBTPG and Green Dot concern only the receipt, deduction, and disbursement of tax-refund proceeds after the Loan had already been originated—*i.e.*, after the consumer credit had already been extended. Plaintiff alleges that the Loan was "structured to be repaid automatically through interception of Plaintiff's federal tax refund," that he authorized Green Dot Bank to establish a temporary deposit account "for the sole purpose of receiving his federal tax refund," and that he authorized SBTPG to deduct from that account the Loan amount, TurboTax-related fees, and other contingent charges (if necessary) before disbursing the remaining refund proceeds. (*Id.* ¶¶ 95–99.) On their face, these allegations describe the receipt, deduction, and disbursement of tax-refund proceeds—not the extension of consumer credit.

Consistent with this conclusion, courts applying the Truth in Lending Act's ("TILA") definition of a creditor, which is nearly identical to the MLA's definition, have held that entities are not creditors if they did not originate or extend the loan at issue. *See Ramirez v. Activehours, Inc.*, 2026 WL 828299, at *9 (N.D. Cal. Mar. 25, 2026). Under TILA, a party is not a creditor if it did not "itself loan money, finance purchases, charge interest, or repossess collateral upon default." *Wojcik v. Courtesy Auto Sales, Inc.*, 2002 WL 31663298, at *7 (D. Neb. Nov. 25, 2002). Nor is a party a creditor if it "did not originate the loan." *Ridha v. Mortgage Elec. Registration Sys., Inc.*, 2010 WL 4867416, at *4 (E.D. Mich. Nov. 23, 2010). The reasoning of the foregoing TILA decisions applies with equal force here given Plaintiff's allegations

---

[2] As detailed in the Intuit Defendants' concurrently filed motion to dismiss, the Loan Agreement and other agreements relating to the transaction all confirm that FCB is the only entity that made the Loan to Plaintiff. (*See* Brock Decl., Exs. B, E–F.) Indeed, no defendant, including FCB, disputes that FCB made the Loan at issue. (*See generally* concurrently filed motions to dismiss.)

that the Green Dot Defendants merely received, deducted, and disbursed tax-refund proceeds. (Compl. ¶¶ 95–99.)

Plaintiff cannot try to evade this fatal defect in his case against the Green Dot Defendants by lumping them with the other defendants and referring to all of them collectively as "Defendants." Plaintiff alleges in conclusory and shotgun fashion that "Defendants" acted in concert and are jointly and severally liable, (*id.* ¶ 39), and elsewhere attributes conduct to "Defendants" collectively (*see, e.g.*, *id.* ¶¶ 79–86). But the MLA imposes liability only on the creditor that extended the consumer credit in dispute. Thus, Plaintiff's collective allegations cannot override his specific allegations identifying FCB as the originating lender and the Green Dot Defendants as the entities involved in the receipt, deduction, and disbursement of tax-refund proceeds. *See Gibson*, 165 F.4th at 1288, 1293–95. If receiving, deducting, or disbursing refund proceeds were enough to create MLA creditor status, the statute's limitation to creditors that extend consumer credit would be meaningless.

Because Plaintiff does not, and cannot, plausibly allege that SBTPG or Green Dot extended consumer credit to him, each of his MLA claims against them fails as a matter of law, and their motion to dismiss should be granted without leave to amend.

### B. Plaintiff's account-access claim against the Green Dot Defendants fails also because Plaintiff alleges a temporary tax-refund account, not the use of a borrower-maintained account as security.

Plaintiff alleges that the deduction of fees and charges from his Green Dot account before the balance was transferred to him constitutes unlawful access of a deposit account under the MLA. (*See* Compl. ¶¶ 61–64.) Plaintiff's account-access claim against the Green Dot Defendants fails not only because they are not creditors that extended consumer credit to Plaintiff (*see supra* Part IV.A), but also because Plaintiff does not allege that either of them accessed an account "maintained by" Plaintiff as security for the Loan. (*See* Compl. ¶¶ 129–46.)

The MLA prohibits a creditor from extending consumer credit on terms requiring the borrower to provide "a check or other method of access to a deposit, savings, or other financial account *maintained by the borrower*" as security for the obligation. 10 U.S.C. § 987(e)(5) (emphasis added). Plaintiff does not allege such an arrangement here. Instead, he alleges that after FCB originated the Loan, Plaintiff authorized Green Dot to establish a temporary deposit account "for the sole purpose of receiving his federal tax refund," and authorized SBTPG to deduct the loan amount and other charges from that temporary account before disbursing the remaining refund proceeds. (Compl. ¶¶ 95–99.) These allegations merely show that a temporary deposit account was created for the purpose of receiving Plaintiff's tax refund—not that the Green Dot Defendants accessed a preexisting account "maintained by the borrower" as security for the Loan. This distinction is material because 10 U.S.C. § 987(e)(5) prohibits only a creditor's use of account access as security for the credit obligation; it does not prohibit all repayment arrangements involving accounts or later-received funds. Indeed, as explained in the Intuit Defendants' motion to dismiss, MLA regulations preserve certain electronic fund transfers and security interests in account funds. 32 C.F.R. § 232.8(e)(1)–(3); *see also Wood v. Omni Fin. of Nev., Inc.*, 2023 WL 3766524, at *23 (E.D. Va. May 31, 2023) (holding the MLA permits required electronic fund transfers and certain security interests in account funds where the MAPR does not exceed 36% and the transaction otherwise complies with federal law).

Because Plaintiff alleges only the receipt, deduction, and disbursement of refund proceeds through a temporary tax-refund account, he fails to state a plausible account-access claim under 10 U.S.C. § 987(e)(5).

/ / /

/ / /

/ / /

/ / /

/ / /

### C. **Plaintiff's excessive-MAPR claim against the Green Dot Defendants fails also because Plaintiff does not allege that either of the Green Dot Defendants imposed any charges for credit.**

Plaintiff's excessive-MAPR claim relies on the premise that fees or charges were imposed in connection with the extension of consumer credit, and therefore should have been included in the Loan's MAPR. (*See* Compl. ¶¶ 147–63.) But as to the Green Dot Defendants, Plaintiff alleges only that Green Dot established a temporary account to receive tax-refund proceeds and that SBTPG deducted and disbursed those proceeds after FCB originated the Loan. (*Id.* ¶¶ 37, 90, 95–99.) Specifically, Plaintiff alleges that he authorized Green Dot to establish a temporary account to receive his federal tax refund, and authorized SBTPG to deduct the Loan amount, TurboTax-related fees, and other contingent charges (if necessary) from that account before disbursing the remaining refund proceeds. (*Id.* ¶¶ 95–99.) Plaintiff does not allege that SBTPG or Green Dot charged him any interest or imposed any fees. And SBTPG's alleged deduction of amounts from refund proceeds does not somehow transform amounts owed to FCB or other entities into finance charges imposed by SBTPG or Green Dot. *See* 12 C.F.R. § 1026.4(a) ("The finance charge is the cost of consumer credit as a dollar amount" and includes charges payable "as an incident to or a condition of the extension of credit.").

Plaintiff's allegations regarding SBTPG's contingent processing fees do not save the claim. Plaintiff alleges that the refund-processing agreement provides for a $30 "Return Item Fee" and a $30 "Account Research and Processing Fee." (Compl. ¶ 99.) Plaintiff does not allege that he actually paid either fee. But even if he had done so, contingent fees triggered by later refund-processing issues are not finance charges imposed as a condition of obtaining credit. *See, e.g.*, *In re Wash. Mut. Overdraft Prot. Litig.*, 201 F. App'x 409, 410 (9th Cir. 2006) (holding that overdraft fees were not finance charges because they were "incident to overdrawn accounts," not "to extensions of credit").

Accordingly, Plaintiff's MAPR claim against the Green Dot Defendants relies entirely on fees allegedly charged or imposed by other defendants. This is improper. To the extent Plaintiff was charged TurboTax fees, Credit Karma Money Spend account fees, or ATM fees, as he claims, those alleged charges were imposed by and are attributable to, and related to services performed by, defendants other than the Green Dot Defendants. (*See* Compl. ¶¶ 58–59, 70–71, 76–78, 91–94, 97–99.) Plaintiff cannot aggregate fees allegedly associated with other entities and products and use collective references to "Defendants" to plead an excessive-MAPR claim against SBTPG or Green Dot. *See Gibson*, 165 F.4th at 1288, 1293–95.

**D. <u>Plaintiff's waiver claim against the Green Dot Defendants fails also because he has not alleged, and cannot allege, that either of them has asserted or sought to enforce any waiver by or against Plaintiff.</u>**

Plaintiff alleges that "Defendants" generally violated the MLA by requiring covered borrowers to agree to arbitration provisions, class-action waivers, jury-trial waivers, and other restrictions on legal recourse in connection with the Refund Advance Loan program. (*See* Compl. ¶¶ 164–76.) In addition to failing for the reasons set forth in Part IV.A above and in the Intuit Defendants' and FCB's motions, Plaintiff's waiver claim fails because he does not allege that SBTPG or Green Dot enforced any arbitration provision, class-action waiver, jury-trial waiver, or notice requirement against him. (*See id.* ¶¶ 80–84, 102–06, 164–76.) Courts reject challenges to arbitration provisions where, as here, the provision has not been invoked and the plaintiff has not alleged an enforcement injury. *See Louis v. Bluegreen Vacations Unlimited, Inc.*, 2024 WL 2873778, at *2 (11th Cir. June 7, 2024) (holding that the plaintiffs lacked standing because they did not allege their down payment under the promissory note was traceable to the agreement's arbitration provision or other alleged MLA violations); *Bowen v. First Fam. Fin. Servs., Inc.*, 233 F.3d 1331, 1340 (11th Cir. 2000) (holding that the plaintiffs lacked standing to challenge the enforceability of arbitration agreements where the defendant had not invoked or threatened to invoke them).

**E. <u>The Court should dismiss the claims against the Green Dot Defendants with prejudice and without leave to amend.</u>**

As set forth above, all of Plaintiff's claims fail as to the Green Dot Defendants because Plaintiff does not allege that either of them is a creditor that extended consumer credit to Plaintiff, but rather alleges that they were involved solely in the receipt, deduction, and disbursement of tax-refund proceeds after the Loan had already been extended. In fact, Plaintiff expressly pleads that FCB originated the Loan. Plaintiff's factual allegations are judicial admissions that are conclusively binding on him, and he cannot contradict them in an amended pleading. *See Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) ("Factual assertions in pleadings and pretrial orders, unless amended, are considered judicial admissions conclusively binding on the party who made them. . . . A statement in a complaint . . . is a judicial admission . . . .").

In addition to Plaintiff's allegations, the relevant agreements also confirm these facts. FCB's role as the lender is confirmed by the operative Loan Agreement, which is incorporated by reference in Plaintiff's complaint. (*See, e.g.*, Compl. ¶¶ 90–104.) As set forth in the motions to dismiss filed by the Intuit Defendants and FCB and the supporting declarations thereto, the Loan Agreement is solely between Plaintiff and FCB. (*See* Brock Decl., Ex. B.) Defendants do not dispute that FCB is the lender, and the Green Dot Defendants are not parties to the Loan Agreement.

The Green Dot Defendants' limited role is further confirmed by their refund-processing agreements with Plaintiff, which are likewise incorporated in the complaint by reference. (*See, e.g.*, Compl. ¶¶ 72, 96–99, 104, 158.) These agreements confirm that the Green Dot Defendants did not act as creditors or extend credit to Plaintiff. (*See* Brock Decl., Exs. E–F.) The Refund and Loan Processing Agreement in particular expressly identifies FCB as the "Lender," and neither agreement contains any terms or conditions relating to the extension of consumer credit to Plaintiff by either of the Green Dot Defendants. (*Id.* at Ex. E.)

Courts need not accept as true allegations that are contradicted by documents incorporated into the complaint by reference. *United States v. Ritchie*, 342 F.3d 903, 908–09 (9th Cir. 2003). As all of the relevant agreements confirm that the Green Dot Defendants did not extend Plaintiff any credit or otherwise hold any rights under the operative Loan Agreement, Plaintiff cannot allege an MLA claim against the Green Dot Defendants on the facts set forth in the complaint. Accordingly, granting Plaintiff leave to amend his complaint against the Green Dot Defendants would be futile, and his claims against them should be dismissed with prejudice and without leave to amend. *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010) ("[T]he district court may deny leave to amend due to . . . futility of amendment.").

## V. <u>CONCLUSION</u>

For all of the foregoing reasons and those set forth in the Intuit Defendants' and FCB's motions to dismiss, the Court should dismiss Plaintiff's claims against the Green Dot Defendants. Further, because no amendment of the complaint can cure the defects plaguing Plaintiff's claims against the Green Dot Defendants, Plaintiff's claims should be dismissed with prejudice and without leave to amend.

Respectfully submitted,

DATED: May 15, 2026

GLASER WEIL FINK HOWARD
JORDAN & SHAPIRO LLP
Emil Petrossian
Richard E. Gottlieb
Alexander R. Miller

By: */s/ Emil Petrossian*
Emil Petrossian
*Attorneys for Defendants*
SANTA BARBARA TAX PRODUCTS GROUP, LLC and GREEN DOT BANK

Glaser Weil