LEHOTSKY COHN LLP
Serena Orloff, Bar No. 260888
serena@ lehotskycohn.com
Jonathan F. Cohn, (admitted *pro hac vice*)
jon@lehotskycohn.com
Steven P. Lehotsky, (admitted *pro hac vice*)
steve@lehotskycohn.com
Rick W. Eberstadt, (admitted *pro hac vice*)
rick@lehotskycohn.com
200 Massachusetts Ave. NW, Suite 700
Washington, DC 20001
Telephone: (512) 693-8350
Facsimile: (512) 727-4755

*Attorneys for Defendant*
*MVB Bank, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

ZACHARY BOSTICK, individually and on behalf of himself and all others similarly situated,

Plaintiff,

v.

INTUIT, INC. d/b/a TURBOTAX,
INTUIT TT OFFERINGS, INC.,
CK PROGRESS, INC. d/b/a CREDIT KARMA LLC,
MVB BANK, INC.,
FIRST CENTURY BANK, N.A.,
SANTA BARBARA TAX PRODUCTS GROUP, LLC, and
GREEN DOT BANK,

Defendants.

Case No. 3:26-CV-01444-H-VET

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS BY MVB BANK, INC.**

Date: September 14, 2026
Time: 10:30 a.m.
Place: Courtroom 12A
Judge: Hon. Marilyn L. Huff

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's opposition brief, Dkt. 52 ("Op."), like his Complaint, says little about MVB. What it does say fails to justify the claims against MVB, which should be dismissed, both for the reasons stated in Intuit's briefs, Dkts. 31 and 57, and the additional reasons in MVB's motion to dismiss, Dkt. 35 ("MTD").

As MVB previously explained, the Complaint alleges only that MVB "provided" a "checking account," Dkt. 1, ¶¶ 91-92 (Compl.). The Complaint does not and cannot allege that MVB was a "creditor who extend[ed] consumer credit" to Plaintiff, 10 U.S.C. § 987(a). Thus, the Military Lending Act ("MLA") does not apply to MVB.

The Complaint also does not allege that MVB, a West Virginia Bank, purposely availed itself of the privilege of conducting activities in California in any way that has a connection to Plaintiff's claims or that would make jurisdiction over MVB reasonable. Nor does his Complaint allege a basis to sue MVB in California when the forum-selection clause in Plaintiff's contract requires him to litigate against MVB "only" in "West Virginia." Dkt. 31-5 at 16. Thus, if his Complaint had a viable claim against MVB, Plaintiff brought that claim to the wrong court.

Plaintiff's opposition brief lacks a cogent response to any of these fatal infirmities. First, Plaintiff ignores the text of the MLA, which does not permit conspirator or aiding-and-abetting liability. Instead, Plaintiff asks this Court to rewrite the statute to impose liability not merely on "creditors" but also on all "MLA-liable participants," Op. 3, a nebulous term that Plaintiff invents and is found nowhere in the statute. Second, Plaintiff ignores the Supreme Court's decision *Walden v. Fiore*, which requires personal jurisdiction to "arise out of contacts that the 'defendant *himself*' creates with the forum State," and he instead looks to the contacts of other "persons who reside there." 571 U.S. 277, 284-85 (2014) (citation omitted). Third, Plaintiff ignores his own forum-selection clause and contends that this Court

should disregard his contract based on vague, unidentified "public policy" benefits. But litigating federal claims against a West Virginia defendant in federal court in West Virginia does not violate any public policy. Plaintiff cites no authority supporting any of his positions.

This Court should reject Plaintiff's unprecedented arguments and dismiss Plaintiff's claims against MVB, or at least transfer them to the U.S. District Court for the Northern District of West Virginia.

## II. ARGUMENT

### A. MVB is not a "creditor who extend[ed] consumer credit" to Plaintiff

The MLA imposes liability only on a "creditor who extend[ed] consumer credit" to Plaintiff. 10 U.S.C. § 987(a). The statute does not impose conspirator liability, aiding-and-abetting liability, or liability on anyone who "acted in concert" with a creditor. *See* MTD 5. And the statute's extension over "affiliate[s]" of a creditor, 32 C.F.R. § 232.3(a), does not apply to MVB because that provision covers only entities that "control[], are controlled by, or under common control with" another creditor—and MVB is not an affiliate of any defendant.

MVB raised all these points in its motion to dismiss, pp. 4-6, and Plaintiff responded to none of them. Further, Plaintiff admits that the "refund advance loan" is the "consumer credit" and is the "loan at issue," Op. 5, 10-11, and that MVB neither issued the loan, *id.* ("The Loan is originated by FCB"), nor effectuated repayment, *id.* at 12 (pointing to "Green Dot Bank and SBTPG").[1] The only "specific role" allegedly "played" by MVB, Op. 2, remains his allegation that MVB "provided" a "checking account" known as the "Credit Karma Money Spend account." Op. 5; Compl. ¶¶ 91-93. That alone is sufficient to dismiss. *See* MTD 4-6.

Plaintiff, aware that MVB is not a creditor, tries to escape that problem by

[1] Plaintiff argues that MVB "seemingly admit[ted]" that Plaintiff paid MVB out-of-network fees. Op. 37 n.3. MVB does not admit that Plaintiff paid any such fees that related to this claim. Nor would it matter for MVB's liability if he had done so: a plaintiff's decision to use an out-of-network ATM and pay its associated fees to a non-creditor would not create MLA liability that can be imposed only on a creditor.

disregarding the text of the MLA and seeking a different basis entirely. According to Plaintiff, all Defendants "plausibly qualify as creditors *or otherwise MLA-liable participants*." Op. 2-3 (emphasis added). But Plaintiff conjures that term from thin air. The MLA imposes liability only on a "creditor who extend[ed] consumer credit," 10 U.S.C. § 987(a), not on "MLA-liable participants"—a phrase that appears nowhere in the statute. Nor does the MLA impose liability on companies that provide a checking account to "approved" customers, regardless of whether the account is allegedly "integral to" or "required" by a third-party creditor. Op. 23-24. Those words and concepts do not appear in the MLA, and this Court should decline Plaintiff's invitation to create liability that Congress did not impose.

It is undisputed that MVB is neither a creditor who extended credit to Plaintiff, 10 U.S.C. § 987(a), nor an "affiliate" of any such creditor, 32 C.F.R. § 232.3(a). Thus, the plain language of the statute and regulations prevent any liability from attaching to MVB. This Court should grant the motion to dismiss.

**B. This Court lacks personal jurisdiction over MVB**

Plaintiff also cannot establish that this Court has personal jurisdiction over MVB.[2] Personal jurisdiction requires "meaningful 'contacts, ties, or relations,'" *Burger King Corp.*, 471 U.S. at 471-72 (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)), that the "'defendant *himself*' creates with the forum" State, *Walden*, 571 U.S. at 284 (citation omitted). The contacts of other defendants do not suffice. *See id.*

Plaintiff has no response to *Walden*. He never even mentions the case, and his only personal jurisdiction allegations apply to "Defendants" generally. Compl. ¶ 40.

[2] It may be appropriate for this Court to address the merits before reaching personal jurisdiction. Though "[o]rdinarily" a court "would address any challenge to personal jurisdiction prior to deciding the merits," "in cases such as this one with multiple defendants—over some of whom the court indisputably has personal jurisdiction—in which all defendants collectively challenge the legal sufficiency of the plaintiff's cause of action," courts "may address first the [] challenge to the underlying cause of action" and, if the court "dismiss[es] the claim in its entirety, decline to address the personal jurisdictional claims made by some defendants." *Chevron Corp. v. Naranjo*, 667 F.3d 232, 246 n.17 (2d Cir. 2012).

That is fatal. MTD 7.

Plaintiff argues that "California has a strong interest in protecting its servicemember residents," and that a single lawsuit serves "judicial economy." Op. 48. But that is not how personal jurisdiction works. Personal jurisdiction, under the Due Process Clause, turns on the contacts of the defendant with the State, *Walden*, 571 U.S. at 284, not on a State's purported policy "interest" or "judicial economy." Plaintiff does not establish personal jurisdiction under the Supreme Court's three-part test, MTD 9-10, and fails to address the "reasonableness" requirement at all. *Compare* MTD 10 *with* Op. 46-48.

The cases on which Plaintiff relies are distinguishable. In *Briskin v. Shopify*, his primary authority, Shopify engaged in direct individualized contact with each California customer that Shopify itself created, installing tracking devices on California customers' devices and tracking their location and behavior across their merchant network before sharing that information with third parties. 135 F.4th 739, 747-48 (9th Cir. 2025). The Ninth Circuit thus explained that personal jurisdiction was appropriate because, unlike the defendant in *Walden*, Shopify "[knew] about its California consumer base, conduct[ed] its regular business in California, contact[ed] California residents, interact[ed] with them as an intermediary for its merchants, install[ed] its software onto their devices in California, and continue[d] to track their activities," meaning it had "deliberately reached out" to California. *Id.* at 759.

Those same facts distinguishing *Briskin* from *Walden* also distinguish *Briskin* from MVB's actions here: Bostick never alleges that MVB conducted regular business in the State, contacted and interacted with him as an intermediary, installed software on his devices, tracked his activities in California, or otherwise performed analogous actions. The only California contacts he alleges occurred through Intuit's and Credit Karma's own platform—precisely the kind of derivative, third-party contact that the Supreme Court excluded in *Walden*.

The other cases that Plaintiff cites fare no better. In *Garcia v. Truist Fin. Corp.*,

the defendant "specifically target[ed] California consumers through its promotion, marketing, and operation of its services to residents," "provide[d] a variety of financial services to Californians," and "knew of its California consumer base because individuals must provide their address in order to open an account or apply for a financial product or service." 825 F. Supp. 3d 1149, 1163 (C.D. Cal. 2026) (cleaned up). Plaintiff alleges no such thing about MVB, nor even that MVB specifically targeted California consumers at all, much less through "promotion" or "marketing" in California. *Id.* Plaintiff's reliance on *Zions* fails for similar reasons, because the defendant there "operated a Global Trade division out of Los Angeles" from which it "communicated and negotiated its agreement with Plaintiff," and from which it repeatedly spoke directly to Plaintiff—facts that are not at all similar to those of MVB. *Zions Bancorporation, N.A. v. JPMorgan Chase Bank, N.A.*, 2021 WL 3406641, at *6 (S.D. Cal. Aug. 3, 2021). And Plaintiff's reliance on *Hidalgo v. JPMorgan Chase Bank* fails because that defendant reported Hidalgo's name to credit agencies after being notified that Hidalgo was a California resident, thereby taking a "deliberate, real-world action" that it knew would harm Hidalgo in California. 2025 WL 1370488, at *2, *3 (S.D. Cal. May 12, 2025). Plaintiff does not point to any such deliberate act here to harm him in California, alleging only that MVB "provided" a "checking account." Compl. ¶¶ 91-92.

Finally, this Court also should reject Plaintiff's efforts to conduct a fishing expedition by seeking exploratory jurisdictional discovery. Op. 48. His request all but admits his pleading failure, and to seek that discovery he must at least "make a 'colorable' showing that the Court can exercise personal jurisdiction over the defendant." *Mitan v. Feeney*, 497 F. Supp. 2d 1113, 1119 (C.D. Cal. 2007) (citation omitted). "[A] mere hunch that discovery might yield jurisdictionally relevant facts, or bare allegations in the face of specific denials, are insufficient reasons for a court to grant jurisdictional discovery." *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 507 (9th Cir. 2023) (citation omitted). Plaintiff makes no colorable showing and relies on

even less than a hunch. His Complaint lacks any MVB-specific jurisdictional allegations and refers only to "Defendants" generally when alleging personal jurisdiction. Compl. ¶ 40. Plaintiff's opposition brief lacks any basis to believe that discovery will yield relevant information; he simply lists areas that he would like to explore and provides no basis to believe that they will provide information supporting personal jurisdiction. Op. 48.

Plaintiff has failed to "'raise a reasonable expectation that discovery will reveal' the evidence he seeks," and thus has "failed to meet this burden." *Dichter-Mad Fam. Partners, LLP v. United States*, 709 F.3d 749, 751 (9th Cir. 2013) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Discovery would merely be "little more than a fishing expedition seeking support for jurisdictional theories," *Yamashita*, 62 F.4th at 508, and one that would get Plaintiff nowhere—especially because he has no viable claim against MVB, *see supra*, Section A, and would be required to litigate any claim in West Virginia regardless, *see infra*, Section C.

**C. The Forum-Selection Clause requires Plaintiff to litigate in West Virginia**

Plaintiff cannot dispel the third independent reason that his claim against MVB fails: under the parties' agreement, if he had a viable claim, he would need to litigate it in West Virginia.

Plaintiff's response brief confirms that three points are undisputed: first, Plaintiff's agreement with MVB unambiguously requires that he file any action in "state or federal court" in "West Virginia," Dkt. 31-5 at 16; second, under the Supreme Court's decision in *Atlantic Marine*, a "valid forum-selection clause . . . should be given controlling weight in all but the most exceptional cases," *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 63 (2013) (citation omitted); and third, Plaintiff does not attempt to show that "the most exceptional circumstances" exist here. *See id.* Thus, if this Court does not dismiss Plaintiff's claims, it should transfer his claim against MVB to the U.S. District Court for the Northern District of West Virginia. MTD 11-12.

Plaintiff contends that the Supreme Court's decision in *Atlantic Marine* requires that the proper analysis of the transfer requirement occur under 28 U.S.C. § 1404. Op. 49. MVB agrees, which is why MVB cited *Atlantic Marine* alongside Section 1404, MTD at 2, and asked this Court to transfer Plaintiff's claims to West Virginia "under 28 U.S.C. § 1404(a)," MTD 13.[3] Plaintiff signed a "valid forum-selection clause" which "should be given controlling weight" and require transfer. *Atl. Marine*, 571 U.S. at 63 (cleaned up).

Plaintiff's contrary arguments are unavailing. He asserts the forum selection clause is unenforceable because the underlying contract is void, Op. 49, but that argument puts the cart before the horse. Whether the contract is void is precisely the merits issue that would be litigated in the proper forum. And Plaintiff's contention that litigating in West Virginia "would contravene a strong public policy," Op. 49 (citation omitted), lacks support and disrespects the federal and state courts of West Virginia. The Ninth Circuit case on which Plaintiff relies turned on an Idaho statute that required certain disputes to be resolved in Idaho courts. *See Gemini Techs., Inc. v. Smith & Wesson Corp.*, 931 F.3d 911, 913, 916 (9th Cir. 2019) (citing and quoting Idaho Code § 29-110(1)). There is no comparable statute here; Plaintiff points to none, and when Congress enacted the MLA it declined to choose California courts over those in West Virginia or any other State.

Equally infirm is Plaintiff's unsupported contention that litigating in West Virginia would "operate as a waiver of statutory consumer-protection rights and class remedies," Op. 49. Plaintiff presents no basis to suggest that a West Virginia federal court could not address his claim. Nor does his reliance on *Doe 1 v. AOL LLC* move the needle, because there the class-action lawsuit that Plaintiff brought would have been legally unsustainable in the Virginia state courts where the forum-selection clause required litigation. 552 F.3d 1077, 1083-84 (9th Cir. 2009). That situation is

[3] MVB withdraws any suggestion that venue is "improper" or "wrong" under Rule 12(b)(3).

not like this one, where the forum selection clause allows litigation in federal court and Plaintiff raises no reason his legal claim would not be addressed there.

Ultimately Plaintiff's arguments collapse into his position that as a "San Diego military spouse" he does not wish "to litigate his MLA claims alone, in West Virginia." Op. 49. But whether he believes the litigation would be "inconvenient" for him is exactly the "private interest[]" that the Supreme Court has explained courts "should not consider" when, as here, Plaintiff has already "agree[d] to a forum-selection clause." *Atl. Marine*, 571 U.S. at 64. If this Court does not dismiss Plaintiff's Complaint, it should, at the very least, transfer this case to federal court in West Virginia.

**D. This Court should not grant Plaintiff leave to amend**

Finally, this Court should "deny leave to amend" because "amendment would be futile." *Pontier v. GEICO Ins.*, 775 F. Supp. 3d 1072, 1084 (S.D. Cal. 2025). Plaintiff cannot fix his allegations against MVB. He fails to explain how any amendment could help him prevail on the merits against a non-creditor like MVB, *supra* 2-3, and similarly fails to explain (beyond rank speculation and a fishing expedition) how he adequately could plead personal jurisdiction over MVB, *supra* 3-6. Nor, when Plaintiff asks for leave to amend, does he even mention MVB or explain how any amendment against MVB would prevail. Op. 50. Once again Plaintiff improperly lumps all defendants together and only further highlights his lack of viable claims against the differently-situated MVB. This Court should dismiss without leave to amend. *Pontier*, 775 F. Supp. 3d at 1084; *Osheske v. Silver Cinemas Acquisition Co.*, 700 F. Supp. 3d 921, 922 (C.D. Cal. 2023) (dismissing without allowing any amendment, even before amendment was offered, when the "statutory text itself foreclose[d] Plaintiff's theory"); *Smith v. Facebook, Inc.*, 262 F. Supp. 3d 943, 956 (N.D. Cal. 2017) (dismissing the original complaint without leave to amend when "no consistent amendment could support a finding of personal jurisdiction"), *aff'd*, 745 F. App'x 8 (9th Cir. 2018).

Dated: August 31, 2026

LEHOTSKY COHN LLP
Serena Orloff
Jonathan F. Cohn
Steven P. Lehotsky
Rick W. Eberstadt

By: *Rick W. Eberstadt*
Rick W. Eberstadt

*Attorney for Defendant*
*MVB Bank, Inc.*