EMIL PETROSSIAN (SBN 264222)
epetrossian@glaserweil.com
RICHARD E. GOTTLIEB (SBN 289370)
rgottlieb@glaserweil.com
ALEXANDER R. MILLER (SBN 294474)
amiller@glaserweil.com
GLASER WEIL FINK HOWARD
JORDAN & SHAPIRO LLP
600 West Broadway, Suite 2850
San Diego, California 92101
Telephone: (619) 765-4380
Facsimile: (619) 483-0646

*Attorneys for Defendants*
SANTA BARBARA TAX PRODUCTS
GROUP, LLC and GREEN DOT BANK

Glaser Weil

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ZACHARY BOSTICK, individually and on behalf of himself and all others similarly situated,

Plaintiff,

v.

INTUIT, INC. d/b/a TURBOTAX, INTUIT TT OFFERINGS, INC., CK PROGRESS, INC. d/b/a CREDIT KARMA LLC, MVB BANK, INC., FIRST CENTURY BANK, N.A., SANTA BARBARA TAX PRODUCTS GROUP, LLC, and GREEN DOT BANK,

Defendants.

Case No. 3:26-cv-01444-H-VET

Hon. Marilyn L. Huff
Courtroom 12A

**DEFENDANTS SANTA BARBARA TAX PRODUCTS GROUP, LLC'S AND GREEN DOT BANK'S REPLY IN SUPPORT OF MOTION TO DISMISS**

Date: September 14, 2026
Time: 10:30 am
Judge: Hon. Marilyn L. Huff
Courtroom: 12A

## I. INTRODUCTION[1]

The Loan Agreement, Plaintiff's complaint, and his opposition brief all confirm the same thing: neither SBTPG nor Green Dot was a creditor in connection with the Loan as a matter of law. Rather, FCB was the sole originating lender, and neither SBTPG nor Green Dot underwrote or funded the Loan. (Compl. ¶¶ 37, 90; Brock Decl. (Dkt. No. 31-3), Ex. B at 1; Opp. at 25.) The complaint does not contain a single allegation that FCB assigned the Loan to either SBTPG or Green Dot. (*See* Compl. ¶¶ 37, 61–63, 90, 95–99.) Rather, Plaintiff's own allegations confirm that SBTPG and Green Dot had only limited roles as non-creditors. (*Id.*) Specifically, SBTPG allegedly performed refund-processing functions ***after*** FCB originated the Loan, processing Plaintiff's refund, making authorized deductions, and transferring the Loan repayment to FCB. (Compl. ¶¶ 62–63, 97–98, 140.) Meanwhile, Green Dot allegedly established the temporary deposit account used to receive the refund. (*Id.* ¶¶ 69, 96.) These actions do not constitute the extension of credit or acquisition of a loan. (GD Mot. at 6–10.) And because these facts are undisputed, they are judicial admissions by which Plaintiff is bound. *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988).

Despite filing a 50-page opposition brief, Plaintiff has failed to present a single cogent argument credibly rebutting the foregoing points. Indeed, he ***cannot*** present such an argument without contradicting the allegations in his own complaint and the express terms of the Loan Documents. As a result, Plaintiff largely ignores the Green Dot Defendants' key contentions, focusing instead on irrelevant arguments, inapposite cases, and a desperate request for discovery despite having failed to meet the threshold requirement of pleading a plausible claim. Plaintiff's opposition erases any doubt that he lacks a viable claim against the Green Dot Defendants as a matter of law.

Plaintiff's MLA claims are actionable only against creditors. 10 U.S.C. § 987(b),

[1] The Green Dot Defendants join in the replies filed by the Intuit Defendants, MVB Bank, and FCB. Unless otherwise stated, capitalized terms carry the meanings attributed to them in the Green Dot Defendants' opening brief. (Dkt. No. 33-1 ("GD Mot.").)

(e)(3)–(5). The Loan Documents, the complaint, and Plaintiff's opposition all confirm that the Green Dot Defendants are not creditors. Thus, Plaintiff's claims against them fail as a matter of law and should be dismissed without leave to amend.

## II. ARGUMENT

### A. Plaintiff's opposition confirms that he has not pleaded, and cannot plead, a plausible MLA claim against the Green Dot Defendants.

Plaintiff alleges that SBTPG processed repayment of a Loan that FCB had already originated. (Compl. ¶¶ 90, 95, 97–98, 140.) Specifically, SBTPG processed Plaintiff's refund by deducting the Loan amount, TurboTax-related fees, and other authorized charges from the temporary account before disbursing the balance. (*Id.* ¶¶ 62, 97–98.) SBTPG then transferred "the amount due on the Loan directly to the originating lender." (*Id.* ¶¶ 63, 140.) While those acts facilitated repayment of an existing debt to FCB, they did not create the debt or grant Plaintiff the right to defer payment, and thus do not constitute the extension of credit. *See* 32 C.F.R. § 232.3(h) (defining "credit" as "the right granted to a consumer by a creditor to defer payment of debt or to incur debt and defer its payment").

Green Dot's alleged role was even narrower. Plaintiff alleges that Green Dot established a temporary deposit account "for the sole purpose" of receiving his federal tax refund. (Compl. ¶¶ 69, 96.) Establishing that account did not create Plaintiff's debt, grant him the right to defer payment, or make the Loan initially payable to Green Dot. *See* 32 C.F.R. § 232.3(h), (i)(1)–(3); *see also Struiksma v. Ocwen Loan Servicing, LLC*, 66 Cal. App. 5th 546, 552, 558 (2021) (holding that a loan servicer was not a "creditor" under TILA's analogous definition of "creditor"). Nor does the complaint allege that Green Dot made or approved the Loan, set its terms, or became entitled to repayment.

Plaintiff tries to evade the plain import of his own allegations by arguing that SBTPG and Green Dot were creditors because they had "functional control" over the repayment mechanism. (Opp. at 24–26.) But that theory does not satisfy the MLA's definition of "creditor," which turns on whether a party extended consumer credit or

became an assignee, not whether it helped process repayment. *See* 32 C.F.R. § 232.3(i)(1)–(3). Indeed, taken to its logical conclusion, this argument would render as a "creditor" under the MLA every non-originating loan servicer—an absurd result that finds no support in the MLA, its implementing regulations, or applicable case law.[2] *See, e.g.*, *Struiksma*, 66 Cal. App. 5th at 552, 558 (distinguishing the originating lender from its loan servicer and holding that the servicer was not a "creditor" under TILA).

Plaintiff's assignment theory is equally misplaced. There is no allegation in the complaint that FCB ever assigned the Loan, let alone that it assigned the Loan to SBTPG or Green Dot. FCB's contractual authority to assign the Loan shows only that an assignment was permitted, not that one occurred. (*See* Opp. at 26 (citing Brock Decl., Ex. B § J).) While Plaintiff seeks discovery to determine "who holds the receivable while the refund sits in the Green Dot account" (*id.*), Rule 8 requires plausible allegations ***before*** discovery is allowed. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions"). In any event, Plaintiff's own allegations demonstrate that SBTPG transferred the amount due "directly to the originating lender"—i.e., to FCB. (Compl. ¶¶ 63, 90, 140.) As Plaintiff does not plausibly allege that either SBTPG or Green Dot extended the Loan or became FCB's assignee, neither can be a creditor under the MLA, and all MLA claims against them fail. 10 U.S.C. § 987(b), (e)(3)–(5).

Finally, Plaintiff's attempt to distinguish *Ramirez v. Activehours, Inc.*, 828 F. Supp. 3d 1040 (N.D. Cal. 2026), also fails. Plaintiff argues that *Ramirez* "found [that] the Defendant was a creditor under TILA and the MLA." (Opp. at 24.) But *Ramirez* involved a single-entity transaction where the defendant, EarnIn, both extended the credit and charged the disputed fees: "EarnIn advances cash in exchange for authorization to debit a borrower's bank account immediately after their employer

---

[2] To the extent Plaintiff argues that "the MLA's civil-liability provision reaches" any "person who violates" 10 U.S.C. § 987(f)(5)(A) (Opp. at 22), this ***remedy*** provision does not expand the enumerated violations in § 987(b) and (e), both of which are expressly limited solely to "creditor[s]." *See* 10 U.S.C. § 987(b), (e).

deposits their paycheck on payday." *Id.* at 1046. Here, the Green Dot Defendants did not extend credit to Plaintiff; FCB did. *Ramirez* thus directly supports the Green Dot Defendants' position that a party must actually originate or extend the loan at issue to be a creditor. In any event, FCB's Loan was not "consumer credit" because it was not subject to a finance charge or payable in four or more installments. (Dkt. No. 32.)

**B. Plaintiff cannot rely on fees that are not connected to the Loan (and which he did not even pay) to establish that the Green Dot Defendants were creditors.**

Plaintiff appears to argue, based on *Ramirez*, that SBTPG's refund-processing fees could be considered "finance charges" and therefore make the Green Dot Defendants creditors. (*See* Opp. at 24.) The only fees Plaintiff arguably attributes to SBTPG (and not Green Dot) are a contingent $30 "Return Item Fee" and a contingent $30 "Account Research and Processing Fee." (Compl. ¶ 99.) Plaintiff alleges that those fees "may be deducted," but he does not allege that he incurred either fee. *Id.* Regardless, even if those fees could qualify as finance charges, which they cannot (*see* Dkt. No. 33-1 at 12), they would not establish that the Green Dot Defendants extended credit or acquired it by assignment. *See* 32 C.F.R. § 232.3(f)(1)(i), (h), (i)(1)–(2) (defining "consumer credit" to include credit subject to a finance charge, "credit" as the right granted by a creditor to defer payment, and "creditor" as a person engaged in extending consumer credit or that person's assignee).

*Ramirez* confirms this distinction. There, the court addressed whether EarnIn qualified as a creditor under TILA in two steps. 828 F. Supp. 3d at 1043–51. First, the court held that the plaintiffs adequately alleged that EarnIn's advances constituted an extension of "credit." *Id.* at 1044–46. The court then analyzed whether EarnIn's tips and expedited-funding fees constituted "finance charges." *Id.* at 1042, 1046–51. Only after finding that those fees were sufficiently connected to EarnIn's extension of credit did the court conclude that EarnIn was a creditor under TILA. *Id.* at 1051.

Here, by contrast, Plaintiff's theory fails at the first step because FCB—not the

Green Dot Defendants—extended the credit by making the Loan. And even if the Court reached the second step, Plaintiff does not allege that either contingent fee was imposed on him or affected the terms on which FCB extended the Loan. That is materially different from *Ramirez*, where the plaintiffs allegedly paid the challenged fees and those fees were closely connected to the terms on which EarnIn made its advances. *See id.* at 1046–51; *see also Vega v. First Fed. Sav. & Loan Ass'n of Detroit*, 622 F.2d 918, 922–23 (6th Cir. 1980) (distinguishing an "actual unavoidable" finance charge from a late-payment charge that "simply represents a potential charge"). Accordingly, the alleged fees do not make either Green Dot Defendant a creditor under the MLA.

### C. <u>Leave to amend would be futile.</u>

Plaintiff has filed both a complaint and a detailed opposition brief that do not contain a single factual allegation that SBTPG or Green Dot originated the Loan or received an assignment. Instead, Plaintiff's own allegations and the incorporated Loan Documents demonstrate that FCB was the lender, SBTPG was the refund processor, and Green Dot provided the temporary deposit account. (Compl. ¶¶ 37, 62–63, 69, 90, 96–99, 140; Brock Decl., Exs. B, E–F.) Plaintiff has not identified any facts he could plead to establish otherwise. Further, Plaintiff has failed to rebut the argument that his allegation that FCB was the sole lender is a binding judicial admission of that fact because it is undisputed. (*Compare* Opp. at 26, *with* GD Mot. at 14.) Plaintiff's factual allegation that he then authorized SBTPG to transfer amounts due on the loan "directly to the originating lender" (Compl. ¶¶ 63, 140) is likewise a judicial admission that SBTPG is not the lender. (*See* GD Mot. at 14.) Leave to amend should therefore be denied and the complaint should be dismissed with prejudice. *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010).

## III. <u>CONCLUSION</u>

For all of the foregoing reasons, including those set forth in the other briefs filed by Defendants, the Court should dismiss all claims asserted against the Green Dot Defendants with prejudice and without leave to amend.



Glaser Weil

Respectfully submitted,

DATED: August 31, 2026

GLASER WEIL FINK HOWARD
JORDAN & SHAPIRO LLP
Emil Petrossian
Richard E. Gottlieb
Alexander R. Miller

By: */s/ Emil Petrossian*
Emil Petrossian
*Attorneys for Defendants*
SANTA BARBARA TAX PRODUCTS GROUP, LLC and GREEN DOT BANK